Reed *v.* White.

4-6734 161 S. W. 2d 751

Opinion delivered April 27, 1942.

*Bernal Seamster,* for appellant.

*C. D. Atkinson, Chas. W. Atkinson, Price Dickson* and *O. E. Williams,* for appellees.

McHaney, J. Appellant is the owner of a two-story business building in the city of Fayetteville, Arkansas, and, in August, 1937, she leased same for a period of five years to appellee, Bob White, who owns and operates therein his Pastry Shop, consisting of a confectionery, restaurant and bakery. A written lease agreement was executed by them. White took possession under said lease, made extensive repairs, and installed his machinery and equipment for the purposes of his business, including a gas heated bakery oven. On October 20, 1939, this oven exploded causing damage to the building, including the breaking of the windows therein. White repaired the damage to the building and equipment, other than the windows, but contended that he was not responsible

under the lease for the cost of replacing the windows. In order that the repairs might be made at once, he and appellant stipulated that he should replace the broken windows and the question of liability for this cost would be later determined. Appellee, Kelley Brothers Lumber Company, furnished the material and installed the windows for which it rendered a bill to White for $295.93, exclusive of interest, and neither appellant nor White questions its correctness. White did not pay the bill so Kelley Brothers brought suit against him for this amount. He filed an answer and a cross-complaint against appellant, alleging that, under said lease, appellant should pay said bill. Appellant answered denying her liability and filed a cross-complaint against White for $10.93 which she alleged was the necessary amount to replace the broken windows in the upstairs portion of the leased premises, caused by said explosion, and which have not been replaced. White denied his responsibility therefor.

Trial before the court sitting as a jury resulted in a judgment in favor of Kelley Brothers against appellant for the amount of its bill with interest, and a dismissal of its complaint against White and that neither White nor appellant recover anything on their respective cross-complaints against the other. The case is here on appeal.

The lease agreement provides that lessee, White, "will not suffer any strip, damage or waste and that he will at his own expense make all repairs, including piping and plumbing caused by his negligence or the negligence of his employees or by freezing and not caused by the ordinary wear and usage . . . and will keep the premises in such repair as the same are in at the commencement of said term . . . reasonable use and wearing thereof and damage by accidental fire or other inevitable accidents only excepted. . . ." Another clause reads as follows: "Lessee further agrees not to allow any gasoline or any other inflammatory material to be left or stored in said building. And that in case any glass in doors or windows of said building are broken or any damage that may result in the loading or

unloading of any material or merchandise caused by the backing in of trucks or any other conveyance to said building, shall be replaced and repaired by said lessee at his own expense and within a reasonable time after such accident may occur.'' Another clause is: "It is also provided that in case the premises or any part thereof shall during said term be destroyed or damaged by fire or other unavoidable casualty so that the same shall thereby be rendered unfit for use and habitation, then and in such case the rent hereinbefore reserved, or a just and proportionate part thereof according to the nature and extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the lessor, or these presents shall thereby be determined and ended at the election of the said lessee or his legal representatives.''

In the clause second above quoted lessee, White, agreed: "And that in case any glass in doors or windows of said building are broken . . . shall be replaced . . . by said lessee at his own expense and within a reasonable time after such accident may occur.'' We think the trial court failed to give this provision in the lease any force or effect. It is true that the lease does not bind the lessee to pay damage caused by "accidental fire or other inevitable accidents,'' but the damage done to the glass in the windows was not caused by fire or an inevitable accident. We think the lessee would be liable under the lease for damage to the glass in windows and doors in any and all circumstances and no matter how caused, except fire or inevitable accident. Webster defines "inevitable accident'' as "an accident not foreseeable or to be prevented by due care or diligence; nearly equivalent to (though broader) an act of God.'' The explosion was not an inevitable accident. It could have been foreseen with due care and caution. It was testified to and not disputed that the pilot light used to light the six burners in the oven consisted of a length of half-inch pipe with a series of holes along the top, through which, ignited gas passed to light the burners; that many of these holes were stopped up which

might prevent the burners from being ignited; and that escaping unlighted gas from a burner would cause an explosion. White and his employee said they did not know what caused the explosion. It appears to us that, in some manner, gas escaped into the oven, became ignited and exploded. Nothing else could have caused it. The oven was an instrumentality wholly under White's control, one appellant had nothing to do with, and we think he should bear the loss caused by its improper operation, regardless of his agreement to replace broken glass above set out, and this applies to whatever damage was sustained to the windows in the upstairs part of the building as well as to the damage downstairs.

The judgment will be reversed, and cause remanded for a new trial.

Mr. Justice GREENHAW, being disqualified, did not participate in the consideration or determination of this case.